Daniel, Judge.
 

 Whether the deed accompanying the case, is good as a covenant to stand seised, is the first question to be determined. Uses may be raised upon what is called a good consideration, which is that of blood or marriage. Conveyances raising uses upon a good consideration, are termed covenants to stand seised. The consideration of blood, causes the operation of the conveyance. The words
 
 covenant to stand seised,
 
 are therefore, not essential to its validity. A convey-anee in the form of, but void as a grant, feoffment, or release, may still take effect as a covenant to stand seised, If the consideration appear, though it be not particularly expressed, yet it is sufficient to raise a use Therefore, if a man covenant to stand , seised to the use of his wife, son, or cousin, without saying in consideration of the natural love which he bears towards them, the covenant will raise the use.
 
 (Milboun
 
 v.
 
 Simpson,
 
 2
 
 Wils.
 
 22.
 
 Bedell’s case, 7 Co.
 
 40. 2
 
 Saun.
 
 80, 81.)
 
 A feme covert,
 
 can stand seised to a use. (1
 
 Saun.
 
 56.) In the case before us,
 
 Humphreys
 
 and wife in the deed, express the consideration to be, for the love and good will which they liad for their daughter,
 
 Thima Hatch.
 
 This consideration raised a use to her at least for life, by that part of the conveyance which follows, “ reserving particularly the use and benefit of said gifted lands, to the said
 
 Thima,
 
 discretionary in herself, whether or not, during her natural life; but should said
 
 Thima
 
 die, without leaving living heirs ot her body, then the above lands to return,” &c. The statute of uses executed the possession to the use, and the legal estate is as extensive as the use. It is unnecessary at present, to determine whether the conveyance would be a good covenant to stand seised to the use of
 
 Thima
 
 
 *414
 
 jn
 
 Jee \a{l,
 
 which by the act of 1784,
 
 ( Rev. c.
 
 204,) would be converted into a fee-simple. As to the second . , , , question, we have always understood, that one tenant m common may bring an ejectment, declaring upon a several devise of the whole tract of hind, and recover possession suc'1 an undivided portion of it, as he proved title to on the trial. Whether the lessor of the plaintiff had been seven years in the adverse possession of the one hundred and thirty acres, under the deed from
 
 Humphreys
 
 and wife, so as to ripen her possession into a good title to the whole tract of land, does not appear; hut from what does appear in the case, she is entitled to recover the undivided one-fourth part of the one hundred and thirty acres of land mentioned in the declaration, and for that portion, the judgment below is affirmed.
 

 One tenant in clirefor'alTtiie joint, estate, and portion'11"6 Pr°"
 

 Pee, Ctjkiam. — Judgment aeeiemeb.
 

 •